FALK, APPELLANT, v. BROWN, RESPONDENT.

[Argued January 14, 1893.  Decided March 13, 1893.]

NEW TRIAL—*Sufficiency of evidence—Abuse of discretion.*—It is an abuse of discretion for the trial court to set aside a verdict for plaintiff and grant a new trial for insufficiency of evidence in a suit to recover a balance of an account, where it appeared that the account had been running over a year during which time numerous payments were made; that defendant was a sole trader and that the goods were delivered to and consumed by her employees at her places of business, which facts were not disputed, except that the payments were by her husband who appeared from the evidence to be acting as her agent.

*Appeal from Third Judicial District, Deer Lodge County.*

Action on an account. Plaintiff had judgment below. Defendant's motion for a new trial was granted by DURFEE, J. Reversed.

*H. P. Whitehill,* for Appellant.

*Edward Scharnikow,* for Respondent.

PEMBERTON. C. J.—This suit was commenced in a justice's court to recover a balance on an account alleged to be due and owing from respondent, who was defendant below, to appellant, who was plaintiff below. The appellant recovered judgment in the justice's court. The respondent appealed to the district court, where the case was tried *de novo,* with a jury, and a verdict rendered in favor of appellant for the full amount sued for. The respondent moved for a new trial. This motion was sustained by the court below, and from the order granting the new trial this appeal is prosecuted.

The appellant is engaged in the butcher business. The account sued on commenced on the fourth day of May, 1889, and continued to run until July, 1890, amounting to the total sum of $488.33, on which numerous payments were made during that time, amounting in the aggregate to $433. From the evidence it appears that the respondent, during all this time, was a sole trader, engaged in mining, ranching, stock-raising, etc. It also appears from the evidence that the meat sued for was delivered to her teamsters and servants, and was taken to her place or places of business, where it was consumed. The delivery of the meat to her employees, and its consumption by those in her employ, is not disputed, either in her answer or evidence. Nor are the numerous payments on said account disputed, except that it is shown that her husband made the payments, who appeared, from the evidence of the case, to be acting as her agent. The respondent set up in her answer a counterclaim, in support of which proof was offered. It seems that the juries in both the justice's and district court disregarded her counterclaim and rendered their verdict for the full amount of plaintiff's claim. The principal ground relied upon to sustain the motion for a new trial is the alleged insufficiency of the evidence to support the verdict. We are of opinion that the evidence is amply sufficient to support the verdict. From an inspection of the record, and fully considering the evidence, and all the circumstances of the case, we are driven to the conclusion that

the court below, in sustaining the motion for a new trial, did not exercise that sound discretion which ought to govern trial courts in such cases. It seems rather to have been an abuse of such discretion. The order of the court below, granting a new trial, is reversed and set aside.

*Reversed.*

HARWOOD, J., and DE WITT, J., concur.